NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2010
Decided November 30, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2148

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 3:09-CR-30006-001-MJR |
| ARTHUR C. MADGETT, <br> *Defendant-Appellant.* | Michael J. Reagan, <br> *Judge.* |

**O R D E R**

Arthur Madgett pleaded guilty to two counts of possession of cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). The plea agreement contained a broad appellate waiver under which Madgett agreed to waive all appellate rights, including the right to contest his conviction and sentence (unless the sentence exceeded the guidelines range as determined by the court). The plea agreement reflected the parties' estimation that Madgett would have an offense level of 23 and a criminal history category of V, with an effective advisory guidelines range of 120 months' imprisonment due to the statutory minimum ten-year sentence. The plea agreement, however, did not anticipate that Madgett would qualify as a career offender. After further proceedings, in which Madgett objected to this classification and considered withdrawing his plea, the district court sentenced him to 235 months' imprisonment, slightly lower than the calculated range of 262 to 327 months.

Despite his waiver of appellate rights, Madgett appeals, and his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Madgett did not respond to counsel's submission. See CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Madgett could challenge the plea based on the parties' "mutual" mistake regarding his being sentenced as a career offender. But Madgett has given no indication that he wants to discard his guilty plea and lose the benefit of avoiding a possible maximum life sentence (as set forth in the plea agreement). See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). An appeal waiver stands or falls with the plea agreement, *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010); *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008), and because Madgett does not contest the validity of his plea, the appeal waiver must stand. Accordingly, we agree with counsel that any such argument on appeal would be frivolous.

Counsel also considers arguing that trial counsel was ineffective in failing to anticipate, at the time Madgett pleaded guilty, that he would qualify as a career offender. But this too is unavailable because Madgett hasn't expressed that he wants his guilty plea set aside. See *Knox*, 287 F.3d at 671-72.

We GRANT counsel's motion to withdraw and DISMISS the appeal.